FILED
Clerk
District Court

AUG 17 2012

For The Northern Mariana Islands
By_____
(Deputy Clerk)

MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
PMB 738, P.O. Box 10,000
Beach Road, Garapan
Saipan, Mariana Islands 96950
Telephone:  (670) 233-8600
Facsimile:  (670) 233-5262
E-mail:     mark@saipanlaw.com

BRUCE BERLINE, ESQ.
Second Floor, Macaranas Building
P.O. Box 5682 CHRB
Beach Road, Garapan
Saipan, Mariana Islands 96950
Telephone:  (670) 233-3663
Facsimile:  (670) 233-5262
E-mail:     bruce@saipanlaw.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LEONORA C. ANGELLO, JESSE MUNA VILLAR, ALEX IGISAIR, and MICHAEL NAPUTI, <br><br> Plaintiffs, <br><br> vs. <br><br> PAR TECHNOLOGY CORPORATION, a Delaware corporation and ROME RESEARCH CORPORATION, a New York corporation, <br><br> Defendants. | CASE NO. CV 12-0019 <br><br> COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

COMES NOW, LEONORA C. ANGELLO, JESSE MUNA VILLAR, ALEX IGISAIR and MICHAEL NAPUTI ("Plaintiffs"), with the following Complaint against PAR TECHNOLOGY CORPORATION and ROME RESEARCH CORPORATION ("Defendants"):

JURISDICTION

1. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Civil Rights Act of 1991, applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, § 502(a)(2).

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981a(a)(1).

3. The Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

4. Venue is properly placed in this Court as at all times relevant to Plaintiffs' claims herein, Plaintiffs were employed by Defendants in Saipan, Commonwealth of the Northern Mariana Islands ("CNMI") and the CNMI is the jurisdiction in which the unlawful employment practices of Defendants occurred. *See* 42 U.S.C. § 2000e-5(f)(3).

PARTIES

5. Plaintiff Leonora C. Angello ("Angello") is a United States citizen currently residing in Saipan, Commonwealth of the Northern Mariana Islands ("CNMI"). Angello filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on about March 1, 2010 claiming sexual harassment, a hostile work environment and retaliation by Defendants. Angello received a notice of right to sue on about May 17, 2012.

6. Plaintiff Jess Cepeda Villar ("Villar") is a United States citizen currently residing in Saipan, CNMI. Villar filed a charge of discrimination with the EEOC on about January 3, 2011 claiming retaliation in connection with Angello's sexual harassment complaint. Villar received a notice of right to sue on about July 28, 2012.

7. Plaintiff Michael Naputi ("Naputi") is a United States citizen currently residing in Saipan, CNMI. Naputi filed a charge of discrimination with the EEOC on about December 27, 2010 claiming retaliation in connection with Angello's sexual harassment complaint. Naputi received a notice of right to sue on about June 28, 2012.

8. Plaintiff Alex Igisair ("Igisair") is a United States citizen currently residing in Saipan, CNMI. Igisair filed a charge of discrimination with the EEOC on about March 1, 2011 claiming retaliation in connection with Angello's sexual harassment complaint. Igisair received a notice of right to sue on about August 8, 2012.

9. At all times relevant to Plaintiffs' claims herein, Plaintiffs were "employees" within the meaning of Section 701(f) of Title VII, 42 U.S.C. § 2000e(f).

10. Defendant PAR Technology Corporation ("PAR") is a publicly traded Delaware corporation with its principal place of business at PAR Technology Park, 8383 Seneca Turnpike, New Hartford, New York, 13413.

11. Defendant Rome Research Corporation ("Rome") is a wholly-owned subsidiary of PAR with its principal place of business at 421 Ridge Street, Rome, New York, 13440.

12. At all times relevant to Plaintiffs' claims herein, Defendants PAR and Rome were acting as an integrated enterprise and a single employer of Plaintiffs as the term "employer" is defined in Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

13. At all times relevant to Plaintiffs' claims herein, Defendants employed more than 500 employees.

14. At all times relevant to Plaintiffs' claims herein, Defendants were engaged in commerce

within the meaning of Section 701(g) of Title VII, 42 U.S.C. § 2000e(g).

15. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee or under the direction and control of the other, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this Complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## FACTS

16. Plaintiff Angello was employed as an Electronic Equipment Operator ("EEO") from 2004 through 2010 with Defendants which were doing business under a federal contract with the International Broadcasting Bureau ("IBB").

17. Prior to Plaintiff Angello's work for Defendants, she had been employed from 2000-2004 as an EEO by the Boeing Company, which had a similar contractual arrangement with IBB.

18. From 2000 to the summer of 2009, during her work for Boeing and Defendants, Plaintiff Angello performed in a more than satisfactory work manner and was never reprimanded.

19. In about August 2009, Plaintiff Angelo's co-worker and *de facto* supervisor Arnel Gruspe began making unwelcomed sexual advances and sexual comments towards her and repeatedly engaged in acts of unwanted sexual harassment towards her, including propositions of intimacy, publicly stating "I love you," grabbing Plaintiff Angello from behind and hugging and kissing her.

20. Plaintiff Angello is married and has children. Plaintiff Angello's husband and children were all in the United States mainland during this time, with her husband caring for his dying parents.

21. Plaintiff Angello was scared of being alone in this situation and also fearful of retaliation

for complaining to Defendants about Gruspe's offensive sexual conduct in large part because Gruspe acted as her supervisor under Defendant's Saipan Site Manager Edward R. Williams.

22. Gruspe's sexual advances and comments were unwelcome and Plaintiff Angello rebuffed and refused Gruspe's advances as best as she could.

23. The unwanted and inappropriate sexual behavior continued and on or about September 16, 2009, Plaintiff Angello filed a complaint with Defendants regarding Gruspe's sexual harassment and the sexually hostile work environment that it created.

24. In response to Plaintiff Angello's complaint, Defendants initiated an investigation into Plaintiff Angello's charges.

25. As part of Defendants' investigation into Plaintiff Angello's charges of sexual harassment, a meeting was held with Plaintiff Angello, Gruspe and Defendants' Saipan and Tinian Site Managers wherein Gruspe admitted to sexually harassing Plaintiff Angello.

26. Following that meeting, Defendants subjected Plaintiff Angello to a series of adverse employment actions in an attempt to make her appear as a less than satisfactory worker.

27. Furthermore, as part of Defendants' investigation into Plaintiff Angello's charges of sexual harassment, Plaintiffs Villar, Igisair and Naputi testified, assisted and/or participated in Defendants' investigation by agreeing to be interviewed by Defendants' investigators.

28. During their interviews by Defendants' investigators, Plaintiffs Villar, Igisair and Naputi all provided testimony to the investigators which confirmed the veracity of Plaintiff Angello's charges of sexual harassment by Gruspe.

29. Thereafter, Defendants failed and refused to correct Gruspe's sexually harassing behavior and prevent the ongoing atmosphere of sexual hostility in the workplace to which Plaintiff Angello was subject and which was humiliating to her among other effects of Gruspe's unlawful sexual conduct.

30. Accordingly, on or about March 1, 2010, Plaintiff Angello filed a Charge of Discrimination

1  with the EEOC against Defendants for sexual harassment, creation of a hostile work environment
2  and retaliation.

3  31. Meanwhile, Defendant Gruspe, as well as other of Defendants' workers, continued to
4  harass Plaintiff Angello.

5  32. As had occurred during the Defendants' earlier investigation, the EEOC conducted its
6  own investigation into Plaintiff Angello's charges of sexual harassment, creation of a hostile work
7  environment and retaliation under Title VII.

8  33. During their interview by the EEOC's investigators, Plaintiffs Villar, Igisair and Naputi
9  again assisted and participated in the investigation by providing the EEOC with testimony which
10 supported the veracity of Plaintiff Angello's charges of sexual harassment, creation of a hostile work
11 environment and retaliation under Title VII.

12 34. Thereafter, and while an active EEOC investigation was underway, in retaliation against
13 Plaintiff Angello for filing charges with Defendants and with the EEOC and against Plaintiffs Villar,
14 Igisair and Naputi for their participation in the investigations of Plaintiff Angello's charges,
15 Defendants subjected Plaintiffs to various adverse employment actions which ultimately resulted in
16 each Plaintiffs' unlawful termination of employment with Defendants.

17

18
19 **FIRST CAUSE OF ACTION**
   **Unlawful Employment Practices — Sexual Harassment and**
   **Sexually Hostile Work Environment**
20 (Plaintiff Angello)

21 35. Plaintiffs incorporate paragraphs 1 through 34 above as if fully set forth herein.

22 36. Title 42, Section 2000e-2(a) of the United States Code makes it unlawful for an
23 employer, among other things:

24 > "to fail or refuse to hire or to discharge any individual, or otherwise to
   > discriminate against any individual with respect to his compensation,
25 > terms, conditions, or privileges of employment, because of such
   > individual's . . . sex . . .; or to limit, segregate, or classify his employees
26 > . . . in any way which would deprive or tend to deprive any individual

27

of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . sex. . . ."

37. Among the acts made unlawful by § 2000e-2 are unwelcomed sexual advances, acts of gender based animosity, sexually charged workplace behavior and conduct that is offensive on the basis of gender.

38. Section 2000e-2 also protects employees from a sexually hostile work environment where the employee is subject to unwelcomed sexual advances, requests for sexual favor and other verbal or physical conduct of a sexual nature when such conduct has a purpose or effect to unreasonably interfere with an individual's work performance or creates and intimidating, hostile or offensive work environment.

39. Plaintiff Angello was, at all times relevant to her claims herein, a member of the class intended to be protected by said provisions of Title VII.

40. As alleged above, during her employment with Defendants, Plaintiff Angello was sexually harassed and subjected to a severe and pervasive sexually hostile work environment that had the effect of altering the conditions of Plaintiff Angello's employment and created an abusive working environment, all of which are unlawful employment practices under Title VII.

41. At all times relevant to the allegations in this Complaint, Defendants knew or should have known of the ongoing sexual harassment and the existence of the sexually hostile work environment that Plaintiff Angello was forced to endure and Defendants failed to take reasonable steps to correct and to prevent the sexual harassment and hostile work environment.

42. The effect of the unlawful employment practices complained of herein has been to deprive Plaintiff Angello of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex, female.

43. All of Defendants' discriminatory and retaliatory actions and omissions alleged herein were intentional within the meaning of 42 U.S.C. § 2000e-5(g)(1).

44. All of Defendants' discriminatory and retaliatory actions and omissions alleged herein

were engaged in by Defendants with malice and/or with reckless indifference to the federally protected rights of Plaintiffs, and each of them, within the meaning of 42 U.S.C. § 1981a(b)(1).

45. As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff Angello lost her job, has suffered future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life, all of which entitle her to back pay with interest, front pay, compensatory and punitive damages in amounts to be proven at jury trial.

46. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff Angello is also entitled to her costs, including expert costs and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
Unlawful Employment Practices — Retaliation
(All Plaintiffs)

47. Plaintiffs incorporate paragraphs 1 through 46 above as if fully set forth herein.

48. Title 42 U.S.C. § 2000e-3(a) makes it an unlawful employment practice for an employer to discriminate against any of its employees because he or she has opposed any practice made an unlawful employment practice under Title VII, or because he or she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

49. Plaintiffs were at all times relevant to their claims herein, members of the class intended to be protected by said provisions of Title VII.

50. Defendants took various actions in retaliation against Plaintiff Angello for complaining about sexual harassment at Rome and about the sexually hostile workplace that it created.

51. Defendants also took various actions in retaliation against Plaintiffs Villar, Igisair and Naputi for their testimony, assistance and participation in both Defendants' internal investigation and in the EEOC's investigation of Plaintiff Angello's Title VII claims.

52. All of Defendants' discriminatory and retaliatory actions and omissions alleged herein were intentional within the meaning of 42 U.S.C. § 2000e-5(g)(1).

53. All of Defendants' discriminatory and retaliatory actions and omissions alleged herein were engaged in by Defendants with malice and/or with reckless indifference to the federally protected rights of Plaintiffs, and each of them, within the meaning of 42 U.S.C. § 1981a(b)(1).

54. As a direct and proximate result of Defendants' unlawful employment practices, Plaintiffs lost their jobs, suffered future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life, all of which entitle Plaintiffs to back pay with interest, front pay, compensatory and punitive damages in amounts to be proven at jury trial.

55. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiffs are also entitled to her costs, including expert costs and reasonable attorney's fees.

PRAYER FOR RELIEF:

Accordingly, Plaintiffs pray for the following relief:

A. Reinstatement of each Plaintiff to the same or a similar position with Defendants;

B. Back pay with interest from each Plaintiff's last day of work to the date of each Plaintiff's reinstatement;

C. Compensatory damages for each Plaintiff pursuant to 42 U.S.C. § 1981a in an amount to be determined by a jury;

D. Punitive damages for each Plaintiff pursuant to 42 U.S.C. § 1981a in an amount to be determined by a jury;

E. An award of costs (including the cost of experts) and reasonable attorney's fees; and

F. Any other relief the Court deems just and proper.

//
//
//
//
//

DATED this 14 day of August, 2012.

*[signature]*

MARK B. HANSON

Second Floor, Macaranas Building
PMB 738, P.O. Box 10,000
Beach Road, Garapan
Saipan, Mariana Islands 96950
Telephone:	(670) 233-8600
Facsimile:	(670) 233-5262
E-mail:	mark@saipanlaw.com

BRUCE BERLINE, ESQ.
Second Floor, Macaranas Building
P.O. Box 5682 CHRB
Beach Road, Garapan
Saipan, Mariana Islands 96950
Telephone:	(670) 233-3663
Facsimile:	(670) 233-5262
E-mail:	bruce@saipanlaw.com

Attorney for Plaintiffs

DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 58(b) and 42 U.S.C. § 1981a(c), Plaintiffs hereby demand a trial by jury on all of Plaintiffs' causes of actions and claims for relief stated in the above-Complaint.

DATED this 14th day of August, 2012.

MARK B. HANSON

Second Floor, Macaranas Building
PMB 738, P.O. Box 10,000
Beach Road, Garapan
Saipan, Mariana Islands 96950
Telephone: (670) 233-8600
Facsimile: (670) 233-5262
E-mail: mark@saipanlaw.com

Attorney for Plaintiffs