## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ALBERTO D. ESPAYOS,      ) | Case No: 1:12-CV-00017 |
|                            ) | |
|            Plaintiff,       ) | |
|                            ) | |
|    v.                      ) | |
|                            ) | |
| PAR TECHNOLOGY CORPORATION, a ) | |
| Delaware corporation, and ROME ) | |
| RESEARCH CORPORATION, a New ) | |
| York corporation,            ) | |
|                            ) | |
|            Defendants.      ) | |
|                            ) | |
| LEONORA C. ANGELLO, JESSE MUNA ) | Case No. 1:12-CV-00019 |
| VILLAR, ALEXANDER U. IGISAIAR, ) | |
| and MICHAEL H. NAPUTI,       ) | |
|                            ) | |
|            Plaintiffs,      ) | |
|                            ) | |
|    v.                      ) | |
|                            ) | |
| PAR TECHNOLOGY CORPORATION, a ) | |
| Delaware corporation, and ROME ) | |
| RESEARCH CORPORATION, a New ) | |
| York corporation,            ) | |
|                            ) | |
|            Defendants.      ) | |

## ORDER OF CONSOLIDATION

This matter is before the Court on the parties' oral motion to consolidate the two above-captioned cases.

1

When actions "involve a common question of law or fact," the district court may join them for hearing or trial, consolidate them, or issue other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). A district court has broad discretion to consolidate actions. *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir. 1989). The court balances "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.,* 743 F.2d 703, 704 (9th Cir. 1984).

In both law and fact, the two actions are inextricably intertwined. All the Plaintiffs worked for Defendants. Plaintiff Angello alleges that she was subjected to sexual harassment at the workplace and a hostile work environment. The remaining Plaintiffs allege that Defendants retaliated against them by taking adverse employment actions after Plaintiffs assisted the Equal Employment Opportunity Commission ("EEOC") in its investigation of Plaintiff Angello's claims.

At a case management conference on February 20, 2013, the Court suggested consolidating the two cases. Both parties agreed that consolidation was appropriate, and they jointly moved to consolidate.

For these reasons, IT IS HEREBY ORDERED:

1. The Clerk shall consolidate these actions such that the earlier filed action, 1-12-CV-00017, is the lead case. Case Number 1-12-CV-00019 shall be administratively closed.

2. All future pleading, motions, and other papers shall be filed in 1-12-CV-00019, and shall be captioned "ALBERTO D. ESPAYOS, LEONORA C. ANGELLO, JESSE MUNA VILLAR, ALEXANDER U. IGISAIAR, and MICHAEL H. NAPUTI,

Plaintiffs, v. PAR TECHNOLOGY CORPORATION, a Delaware corporation, and ROME RESEARCH CORPORATION, a New York corporation, Defendants."

SO ORDERED this 25th day of February, 2013.

                                                                RAMONA V. MANGLONA
                                                                Chief Judge

3